**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JEANNE T. WILKINSON<br>Plaintiff,<br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND TYCO INTERNATIONAL (US) INC.<br>Defendants. | Civ. No. 04-516 ML |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND ITS MOTION FOR A PROTECTIVE ORDER FOR DISCOVERY SOUGHT BEYOND THE MOTION TO COMPEL**

Now comes Defendant Hartford Life and Accident Insurance Company pursuant to Local Rule 12(a)(2) of this Court and Rule 26(c) of the Federal Rules of Civil Procedure and hereby opposes Plaintiff's Motion to Compel Responses to Plaintiff's Request for Production of Documents Numbered 16, 17, 18 and 19 and moves for a Protective Order with respect to discovery sought beyond Plaintiff's Motion to Compel for the reasons set forth in the memorandum of law filed herewith.

Defendant Hartford Life and Accident Insurance Company,

By its attorneys,

CREVIER & RYAN, LLP.

Katherine R. Parsons (6810)
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235

**CERTIFICATE OF SERVICE**

I certify that a true copy of the forgoing was sent first class mail postage prepaid on this 6th day of June 2005 to J. Scott Kilpatrick, Esq., Chisholm, Chisholm & Kilpatrick, LLP, One Turks Head Place, Suite 1313, Providence, RI 02903, Ralph R. Liguori, Esq., Caprio & Caprio, One Center Place, Providence, Rhode Island 02903; James A. Ruggieri, Esq., Higgins, Cavanaugh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903; Kathleen D. Leslie and Michael L. Bouyea, Esq., Whitney & Bogris, LLP, 401 Washington Ave, 12th Floor, Towson, MD 21204.

Katherine R. [signature]

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JEANNE T. WILKINSON<br>Plaintiff,<br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY AND TYCO INTERNATIONAL (US) INC.<br>Defendants. | Civ. No. 04-516 ML |

**DEFENDANT HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND ITS MOTION FOR A PROTECTIVE ORDER FOR DISCOVERY SOUGHT BEYOND PLAINTIFF'S MOTION TO COMPEL**

Defendant Hartford Life and Accident Insurance Company ("Hartford") files this Memorandum of Law in support of its Opposition to Plaintiff's Motion to Compel Responses to Request for Production of Documents Numbers 16, 17, 18 and 19 and its Motion for a Protective Order for Discovery Sought Beyond Plaintiff's Motion to Compel.

## INTRODUCTION

Plaintiff seeks discovery of information relating to other claims, claimants, participants and beneficiaries (Request Nos. 17-19) and internal claims procedures (Request No. 16). As explained in detail below, Plaintiff is not entitled to obtain either category of discovery because: (1) the review of ERISA claims is limited to the evidence presented to the claims administrator; and (2) such discovery is not relevant and would be overly burdensome because the terms of the Plan unambiguously require Evidence of Good Health in order to obtain coverage under the Supplemental Life Plan and Plaintiff admits that neither she nor her husband ever provided Evidence of Good Health.

## PARTIES

1. Plaintiff is the beneficiary of her husband, Mr. Richard Wilkinson, under the Group Life Plan for employees of Tyco International (US) Inc. ("Group Life Plan") and is claiming Supplemental Life Benefits under the Group Supplemental Life Plan for employees of Tyco International (US) Inc. ("Group Supplemental Life Plan"), an ERISA governed plan. Plaintiff's Motion to Compel at P. 1; Relevant pages of the Group Supplemental Life Plan are attached hereto at Exhibit 1.

2. Defendant Hartford issued the Group Life Plan and the Group Supplemental Life Plan to Tyco International (US) Inc. and serves as the claims administrator. See Exhibit 1 at Plan numbered pages 3 and 35.

3. Defendant Tyco International (US) Inc. ("Tyco") is the policyholder and Plan Administrator for the Group Life Plan and the Group Supplemental Life Plan. See Exhibit 1 at Plan numbered pages 3 and 32.

## FACTS

4. Plaintiff's husband was employed by Tyco International (US), Inc. and was a participant in the ERISA governed Group Life Plan for employees of Tyco International (US), Inc. Complaint at ¶ 4; Plaintiff's Motion to Compel at P. 1.

5. Plaintiff's husband initially enrolled in the Group Life Plan in October of 2001, specifically waiving benefits under the Group Supplemental Life Plan. See Exhibit 2.

6. On or about September 26, 2002, Plaintiff and Plaintiff's husband learned he had esophageal carcinoma. Plaintiff's Answers to Interrogatories, relevant pages attached hereto at Exhibit 3 at Answers to Ints. 2, 3.

7. On or about October 17, 2002, Plaintiff's husband sought to enroll in the Group Supplemental Life Plan, requesting Supplemental Benefits of one times his salary. See Exhibit 4.

8. The Group Supplemental Life Plan requires that applicants submit evidence of Good Health if they request any coverage more than 31 days after becoming eligible to do so. Exhibit 1 at Plan numbered page 5.

9. On or about October 25, 2002, Tyco mailed Plaintiff's husband an acknowledgement of his request for Supplemental Benefits and a Personal Health Statement with instructions to fill out the Personal Health Statement and return it to Hartford. Exhibit 4. The letter specifically stated, "Coverage other than the guaranteed amounts listed on this form must be approved by the carrier before coverage becomes effective." Exhibit 4.

10. On or about October 25, 2002, Tyco also provided Plaintiff with a 2003 Confirmation Statement that Plaintiff admits she found after her husband passed away that specifically states:

> Supplemental Life Insurance Employee – 1x Annual Salary $0**
>
> * * *
>
> **Amounts above guaranteed issue amount are pended for carrier approval. See enclosed forms.

Exhibit 5; See also Exhibit 3 at Answer to Int. 5.

11. Neither Plaintiff nor Plaintiff's husband ever submitted the Personal Health Statement or any other Evidence of Good Health. Exhibit 3 at Answer to Int. 9.

12. Plaintiff's husband died on December 25, 2003 and Plaintiff made a claim for a $60,000.00 Basic Life Benefit and a $60,000.00 Supplemental Life Benefit. Complaint at ¶ 8.

13. On or about January 20, 2004, Hartford approved and promptly paid Plaintiff's claim for the $60,000.00 Basic Life Benefit. Hartford's Answer at ¶ 8.

14. By letter dated March 4, 2004, Hartford denied Plaintiff's claim for the $60,000.00 Supplemental Life Benefit on the basis that Plaintiff's husband never provided Evidence of Good Health as required by the Group Supplemental Life Plan. See Denial Letter attached hereto at Exhibit 6.

15. Pursuant to ERISA and the claims procedures of the Group Supplemental Life Plan, Plaintiff appealed Hartford's denial of the $60,000.00 Supplemental Life Benefit by letter dated April 15, 2004, attached hereto at Exhibit 7.

16. By letter dated May 14, 2004, Hartford upheld its denial of the Supplemental Life Benefits and advised Plaintiff of her right to bring a civil action pursuant to ERISA § 502(a). See Exhibit 8.

17. On or about November 1, 2004, Plaintiff pursued her right to judicial review and filed this case in Rhode Island Superior Court. Defendants removed this action to United States District Court for the District of Rhode Island based on the fact that Plaintiff's claims were under ERISA and therefore subject to federal question jurisdiction.

18. On or about April 4, 2005, Plaintiff served Hartford with a set of Requests for Production of Documents. Plaintiff's Motion to Compel at P. 1.

19. On or about May 18, 2005, Hartford responded and objected to Plaintiff's Request for Production of Documents. Plaintiff's Motion to Compel at P. 1.

20. Plaintiff subsequently filed this Motion to Compel the production of documents in response to Request Nos. 16, 17, 18 and 19. Request No. 16 seeks the internal claims procedures of Hartford. Request Nos. 17-19 seek information relating to other real and

theoretical claims, beneficiaries, participants and/or claimants. See relevant requests and responses to Plaintiff's First Request for Production, attached hereto at Exhibit 9.

21. Hartford's counsel received a notice of the deposition of Hartford, in addition to notices of the depositions of non-party Hartford employees, Edna Golych, Karen Despard and Patricia Flaherty on May 31, 2005.[1]

## ARGUMENT

Plaintiff is not entitled to obtain discovery regarding Hartford's internal guidelines and/or information regarding other claims, claimants, beneficiaries and/or participants because: (1) the review of ERISA claims is limited to the evidence presented to the claims administrator; and (2) such discovery is not relevant and would be overly burdensome because the terms of the Plan unambiguously require Evidence of Good Health in order to obtain coverage under the Supplemental Life Plan and Plaintiff admits that neither she nor her husband ever provided Evidence of Good Health. For these same reasons, Hartford requests that this Court also issue a Protective Order limiting all future discovery sought by Plaintiff with respect to her claim for benefits to evidence presented to the administrator during the claims review process, and specifically prohibiting Plaintiff from taking the noticed depositions of Hartford, Edna Golych, Karen Despard and Patricia Flaherty.

## I. THE COURT'S REVIEW OF PLAINTIFF'S CLAIM IS LIMITED TO THE EVIDENCE PRESENTED TO THE CLAIMS ADMINISTRATOR

Plaintiff asserts a claim for benefits under an ERISA governed life insurance Plan issued to and administered by Tyco International (US), Inc.; in other words Plaintiff asserts a claim pursuant to ERISA § 502(a)(1)(B).[2] See Motion to Compel at P. 1; Complaint at ¶ 8, 10; Group

---

[1] To the best of our knowledge, these non-party individuals have not been subpoenaed.

[2] Codified at 29 U.S.C. § 1132(a)(1)(B).

Supplemental Life Plan for employees of Tyco International (US), Inc. ("Supplemental Benefit Plan"), attached hereto at Exhibit 1, at P. 3, 32. A Court's review of an ERISA claim administrator's benefit decision is limited to the evidentiary record presented to the claims administrator. See Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 (1st Cir. 2003); Orndorf v. Paul Revere Life Insurance Company, 404 F.3d 510, 519 (1st Cir. 2005).

In this case, the Court must review Hartford's decision to terminate Plaintiff's benefits under the arbitrary and capricious standard of review.[3] Under this standard, the First Circuit has held:

> In reviewing an ERISA determination for arbitrariness, we and the overwhelming majority of other circuits have held that there is a strong presumption that the required deferential review of a plan administrator's benefit decision should be limited to the evidentiary record presented to the administrator. See, Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 (1st Cir. 2003).

Lopes v. Metropolitan Life Ins. Co., 332 F. 3d 1, 5 (1st Cir. 2003).

The rationale for limiting the Administrative Record to the evidence before the administrator at the time it made its benefit determination is clear. The Court's role in deciding if an administrator acted arbitrarily and capriciously is to review the Administrative Record before the administrator, and then determine if the administrator acted unreasonably with respect to **that** Record. See, Lopes, 332 F. 3d at 5; accord; Liston, 330 F.3d at 24. Stated alternatively, "it is anomalous to suggest that an administrator acted unreasonably 'by ignoring information never presented to it.'" Lopes, 332 F.3d at 5; citing, Liston, 330 F.3d at 23. Consequently, Plaintiff is not entitled to discovery relating to evidence not presented to the claims administrator during the administrative review process.

[3] The arbitrary and capricious standard of review applies when a plan "gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). The Plan here clearly grants Hartford discretionary authority as it states, "[t]he Plan has granted the Insurance Company full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Policy." Exhibit 1 at Plan numbered page 35.

## II. PLAINTIFF'S REQUESTED DISCOVERY SHOULD NOT BE PERMITTED BECAUSE THE TERMS OF THE PLAN ARE UNAMBIGUOUS AND PLAINTIFF ADMITS THAT NEITHER SHE NOR HER HUSBAND COMPLIED WITH THE TERMS OF THE PLAN

Under ERISA this Court is required to apply the clear and unambiguous terms of an ERISA plan as written and must construe non-ambiguous policy terms according to their "usual and ordinary meaning." Pizzuti v. Polaroid Corporation, 985 F.2d 13, 14 (1st Cir. 1993); see, also, Liberty Mutual v. Gibbs, 773 F.2d 15 (1st Cir. 1986)("where the wording of a contract is unambiguous, the contract must be enforced according to its terms"). Absent ambiguity in the Plan, evidence outside the administrative record is inadmissible with respect to the claims administrators' construction of a Plan provision. Cf. Liston, 330 F.3d at 25 (refusing to allow discovery regarding the treatment of other claimants but recognizing that such discovery may be relevant to determine if administrator's construction and application of an unclear Plan provision was reasonable). Plaintiff argues that discovery of Hartford's internal claims procedures are "relevant in determining whether [Hartford] acted reasonably in reviewing and denying Plaintiff's claim." Plaintiff's Motion to Compel at P. 2. Plaintiff similarly argues that discovery of information regarding other actual and theoretical claims is relevant to determine "whether Hartford reasonably applied the Plan language." Plaintiff's Motion to Compel at P. 3. As explained below, Plaintiff's requests are unwarranted under ERISA, are irrelevant to Plaintiff's claim and are overly burdensome given the facts of this case because (A) the terms of the Plan are unambiguous and Plaintiff admits that her husband breached the terms of the Plan and (B) there are no circumstances present to warrant the discovery Plaintiff seeks. For these same reasons, Hartford requests that this Court issue a Protective Order limiting all future discovery sought by Plaintiff with respect to her claim for benefits to evidence presented to the claims administrator during the claim review process.

A. THE TERMS OF THE PLAN ARE UNAMBIGUOUS AND PLAINTIFF ADMITS THAT NEITHER SHE NOR HER HUSBAND COMPLIED WITH THEM

The Group Supplemental Plan language in this case unambiguously required that Plaintiff's husband submit Evidence of Good Health to obtain Supplemental Life coverage, stating:

> **What is Evidence of Good Health?**
> Evidence of Good Health is information about a person's health from which We can determine if coverage or increases in coverage will be effective. Information may include questionnaires, physical exams, or written documentation as required by Us.
>
> Inquires as to the status of Your submission of Evidence of Good Health should be addressed to Your Employer and/or Benefit Administrator. We, Your Employer and/or Benefit Administrator will notify You of approvals. We will notify You, in writing, of any disapprovals.
>
> **When will Evidence of Good Health be required?**
> Evidence of Good Health is required if:
> 1. You enroll for coverage more than 31 days after the date You are first eligible to do so for any amount of Life Insurance for Yourself or Your Spouse; or for an Amount of Life Insurance in excess of $15,000.00 for a Dependant child; or
> 2. You elect no coverage when eligible to do so and later opt for coverage for any Amount of Life Insurance for Yourself or Your Spouse or for an Amount of Life Insurance in excess of $15,000.00 for a Dependant child.
>
> Evidence of Good Health must be provided at Your own expense.
>
> If Evidence of Good Health is not approved in the situation(s) approved above, no coverage, including the Guaranteed Issue Amount will become effective.
>
> Evidence of Good Health is also required if You elect to increase coverage during Annual Enrollment or within 31 days of a qualified Change in Family Status.

<u>Exhibit 1 at Plan numbers pages 4-5</u>.

Plaintiff's husband requested Supplemental Life Benefits over ten months after he became eligible for coverage and under the terms of the Plan, was clearly required to provide Evidence

of Good Health to obtain coverage under the Group Supplemental Life Plan. Facts at ¶ 5-8.[4] Within one week of Plaintiff's husband's request for Supplemental Life Benefits, Tyco provided Plaintiff with a required Personal Health Statement and clearly instructed Plaintiff's husband to submit the completed Health Statement to Hartford. Facts at ¶ 9. The documents provided to Plaintiff's husband by Tyco clearly stated that, "[c]overage other than the guaranteed amounts listed on this form must be approved by the carrier before coverage becomes effective." Facts at ¶ 9. The 2003 Confirmation Statement, which Plaintiff admits to have found after her husband died, also explicitly states that the Supplemental Life Benefits were not in effect and required approval by Hartford. Facts at ¶ 10. Despite the unambiguous requirement in the Plan that Plaintiff's husband submit Evidence of Good Health and the fact that Tyco provided Plaintiff with a required Personal Health Statement and instructions to submit it to Hartford, **Plaintiff admits that neither she, nor her husband ever submitted any Evidence of Good Health to Hartford**. Facts at ¶ 11. Hartford denied Plaintiff's claim for benefits because Plaintiff's husband failed to submit Evidence of Good Health as clearly required by the Plan. Facts at ¶ 14, 16. Despite Plaintiff's claim that the discovery she seeks is relevant with respect to the reasonableness of Hartford's interpretation of the Plan language, there is no question here that the Hartford's denial of benefits on the basis of Plaintiff's husband's admitted failure to provide Evidence of Good Health as required by the Plan was the correct application of the unambiguous requirements under Plan.

Furthermore, to require Hartford to gather the discovery requested by Plaintiff with respect to other actual and theoretical claims, beneficiaries, participants and claimants in light of the fact that such evidence is clearly irrelevant to Plaintiff's ERISA claim for benefits would be unduly burdensome. In order to even identify the claims and cases in which a beneficiary made a claim

[4] For ease of reading the "Facts" cited here refer back to the above stated Facts at PP. 2-4.

for life insurance benefits when the participant was required and failed to submit Evidence of Good Health would require someone to go through each and every claim and lawsuit ever made or filed with respect to a Hartford life insurance plan.

B. THERE ARE NO CIRCUMSTANCES PRESENT IN THIS CASE TO WARRANT ALLOWING THE DISCOVERY PLAINTIFF SEEKS

The First Circuit has held that discovery of how others are treated is not warranted. Liston, 330 F.3d at 25. In Liston, the plaintiff sought to obtain discovery regarding others to show that other officers in the same company as herself received the same benefits that she sought. The District Court refused to allow the discovery stating that, "a review of the merits of this particular denial . . . is not dependent upon what happened to other officer's claims." Liston, 330 F.3d at 21. The First Circuit upheld the District Court's decision. Similarly here, the review of Plaintiff's claim is not dependent on what happened to the claims of other actual or theoretical entirely unrelated claimants.

The only law cited by Plaintiff in her Motion to Compel is a general reference to Glista v. Unum Life Insurance Company of America, 378 F.3d 113 (1st Cir. 2004) to support her argument that she should be allowed to discover the internal claims procedures of Hartford. In Glista, however, the First Circuit specifically stated that, "the weight and admissibility of internal documents, whether those documents are offered in support of the interpretation of the plan administrator or that of the claimant, will vary with the facts of each case." Glista, 378 F.3d at 123. The facts in Glista were entirely distinct from the facts in the case presently before this Court.

Unlike the present case, Glista involved the interpretation of unclear plan provisions. As discussed above in Section II.A., the Plan in this case is not unclear or ambiguous. In Glista, plaintiff's claim for disability benefits under an ERISA plan was denied on the basis of a pre-

existing condition and the plan contained two different definitions of pre-existing condition which both contained numerous clauses that required interpretation by the claims administrator. Glista, 378 F.3d at 116. Here, the Plan clearly states that Evidence of Good Health is required to obtain coverage and Plaintiff admits that neither she nor her husband ever submitted Evidence of Good Health – there is nothing for Hartford to interpret and as such, no reason to allow discovery with respect to prior interpretations.

## CONCLUSION

As explained above, the Court's review of Plaintiff's claim is limited to the evidence presented to the claims administrator during the claims review process and discovery with respect to the treatment of others and internal claims procedures for the purposes of ascertaining the reasonableness of Hartford's decision is irrelevant, unwarranted and overly burdensome. As such, Hartford respectfully requests that this Court deny Plaintiff's Motion to Compel responses to Request Nos. 16-19 and grant Hartford's Motion for a Protective Order limiting all future discovery sought by Plaintiff with respect to her claim for benefits to evidence presented to the claims administrator and specifically prohibiting Plaintiff from taking the depositions of Hartford, Edna Golych, Karen Despard and Patricia Flaherty.

Defendant Hartford Life and Accident Insurance Company,

By its attorneys,

CREVIER & RYAN, LLP.

Katherine R. Parsons

Katherine R. Parsons (6810)
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235

## CERTIFICATE OF SERVICE

I certify that a true copy of the forgoing was sent via first class mail postage prepaid on this 6th day of June 2005 to J. Scott Kilpatrick, Esq., Chisholm, Chisholm & Kilpatrick, LLP, One Turks Head Place, Suite 1313, Providence, RI 02903; Ralph R. Liguori, Esq., Caprio & Caprio, One Center Place, Providence, Rhode Island 02903; James A. Ruggieri, Esq., Higgins, Cavanaugh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903; Kathleen D. Leslie and Michael L. Bouyea, Esq., Whitney & Bogris, LLP, 401 Washington Ave, 12th Floor, Towson, MD 21204.

Katherine [signature]