# EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MAY 3 1 2005

| | | |
|---|---|---|
| JEANNE T. WILKINSON<br>Plaintiff | : | |
| vs | : | CA #04-516ML |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY and TYCO INTERNATIONAL (US) INC.<br>Defendants | : | |

**PLAINTIFF'S ANSWERS TO DEFENDANT'S, HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES**

1. Please identify each person who has knowledge of the facts relevant to the claims and defenses in this lawsuit, including as part of your identification, their name, address, telephone number, and what information they have relevant to this lawsuit.

   **Answer:** Jeanne Wilkinson, Plaintiff

   Andrea Piccarelli
   Human Resources Supervisor
   Tyco Valves & Controls
   43 Kendrick Street
   Wrentham, MA 02093
   508-384-4760

2. Please state the date on which you became aware that Mr. Wilkinson had esophageal carcinoma (throat cancer).

   **Answer:** My husband and I learned that he had a tumor in his throat that had tested malignant on or about September 26, 2002.

3. Please state the date on which Mr. Wilkinson became aware that he had esophageal carcinoma (throat cancer).

   **Answer:** My husband and I learned that he had a tumor in his throat that had tested

malignant on or about September 26, 2002.

4. Please identify each and every medical professional Mr. Wilkinson treated with between January 1, 2002 and December 25, 2003.

**Answer:** Steven B. Kirschner, M.D., Inc. - 7/24/02 - 9/24/02

Landmark Medical Center - 9/14/02, 9/24/02, 2/9/97, 7/14/98, 9/14/02, 9/27/02, 9/27/02, 10/4/02, 10/11/02, 10/12/02, 10/18/02

Brigham & Womens Hospital - 11/10/02, 11/13/02, 2/11/03, 2/12/03

Greigstone M. Yearwood, M.D.

Michael T. Jacklich, M.D.

Peter Ezinger, M.D. Dana Farber Cancer Institute

5. Please identify all communications, of which you are aware, that you or Mr. Wilkinson had with Tyco regarding Mr. Wilkinson's application and/or eligibility for benefits under the Supplement Life Benefit Plan.

**Answer:** My husband applied for supplemental life insurance by completing a form with Tyco, on or about October 17, 2002, where he checked off the box indicating that he wanted supplemental life coverage in the amount of 1x salary. See form attached hereto at Tab A. He also filled out a form designating his beneficiaries. See Tab B.

After my husband passed away, I found a document entitled 2003 Confirmation Statement, dated October 25, 2003. See Tab C.

I believe that Tyco took premiums for the Supplemental Life coverage out of my husband's pay, and reflected the same in the pay stubs that were provided to him. For example see Tab D.

My husband died on December 25, 2003, and I was contacted by Tyco to come in and sign some papers for insurance and to collect my husband's belongs. She said that my husband still had some vacation time coming to him, so my family would continue to receive his paychecks until January, 2004. She said that he had Life Insurance of $60,000.00 and Supplemental Life Insurance of $60,000.00 for a total of $120,000.00. He had worked into November of that year, and his belongings were still in his office area. I met with Andrea M. Piccarelli on or about January 5, 2004. She has prepared a claim form for me to sign, which she had filled out prior to my arrival. See Tab E.

A few weeks later, when I received notice from Hartford that my claim was approved and that I would be receiving $60,000.00, I called Ms. Piccarelli. She said that there was a problem, that Richard had never filled out a good health form, and that she was sorry but that she did not think that I would be receiving the additional benefit.

6. Please identify all communications, of which you are aware, that you or Mr. Wilkinson had with Hartford regarding Mr. Wilkinson's application and/or eligibility for benefits under the Supplement Life Benefit Plan.

**Answer:** See attached letter dated January 20, 2004 from Hartford. Tab F.

7. Please identify all communications, of which you are aware, between you or Mr. Wilkinson and Tyco regarding the reimbursement of the premiums allegedly withheld from Mr. Wilkinson's paychecks.

**Answer:** None.

8. Please identify all communications, of which you are aware, between you or Mr. Wilkinson and Tyco regarding evidence of insurability or evidence of good health.

**Answer:** My husband told me that medical records or examination was not necessary for Supplemental Life Insurance of 1x salary, and I believe he said that he learned that from Human Resources at work.

9. Please state whether or not you or Mr. Wilkinson ever provided or attempted to provide evidence of good health or evidence of insurability to Hartford or Tyco.

**Answer:** No.

Jeanne T. Wilkinson
Jeanne T. Wilkinson

Subscribed and sworn to before me this 25 day of May, 2005 in Providence, Rhode Island.

Notary Public
My Commission Expires: 6/18/2009