# Exhibit 8

THE HARTFORD

May 14, 2004

Ralph R. Liguori Esquire
Caprio & Caprio
Caprio Building
One Center Place
Providence, RH 02903

Policyholder: Tyco International (US), Inc.
Insured: Richard G. Wilkinson
Policy Number: OGL206835

Dear Attorney Liguoiri:

We are writing in regard to your letter of 4/15/04 appealing the denial of Mr. Wilkinson's Group Supplemental Life Insurance benefits under the above noted contract.

You are entitled to an independent review of the claim facts and the determination made regarding Mr. Wilkinson's eligibility for benefits. As such, this file was referred to our Appeal Unit to conduct such a review. This review has been conducted separately from the individuals who made the original decision to deny additional benefits.

Our determination remains that the documentation on file, taken as a whole, supports our prior decision. Therefore, we must uphold our decision to deny benefits.

Please refer to Karen Despard's letter of 3/2/04 that lists the Policy provision that applies to this claim and also lists the evidence contained in the claim file used to make our determination.

Our review of the documentation in the claim file notes that a Proof of Death form was submitted for Mr. Wilkinson in 1/04. The amount of insurance being claimed was $60,000 Basic Life and $60,000 Supplemental Life.

The 2002 Benefits Enrollment Form showed that Supplemental Life Insurance was waived. The 2003 Benefits Enrollment Form dated 10/17/02 noted Supplemental Life Insurance 1xSalary was elected.

The State of Rhode Island and Providence Plantations Certificate of Death noted that Richard G. Wilkinson died on 12/25/03. The immediate cause of death was respiratory failure. The underlying cause was metastatic esophageal carcinoma.

You wrote to us on 2/24/04 advising that your office represented Jeanne T. Wilkinson with respect to the supplemental life insurance policy issued to her late husband on or about 10/02 and effective 1/03.

Under date of 3/2/04 the claim for Group Supplemental Life Insurance benefits was denied as documentation submitted in support of this claim did not establish that Mr. Wilkinson was covered for benefits through Hartford Life and Accidence Insurance Company at the time of his death. There was no evidence that Evidence of Good Heath had been provided.

200 Hopmeadow Street
Simsbury, CT 06089
Telephone 860 525 8555

Mailing Address: P.O. Box 2999
Hartford, CT 06104-2999

You wrote to us on 3/25/04 requesting any and all documentation reflecting and concerning Mr. Wilkinson's guaranteed and supplemental life policies offered through Tyco including but not limited to any correspondence, notice or declaration to Tyco or Mr. Wilkinson from the Hartford that Mr. Wilkinson's supplemental life coverage was in jeopardy in addition to any documentation which indicated that Mr. Wilkinson had not complied with an eligibility and/or enrollment requirement and thus would not be afforded coverage. Written confirmation from our company regarding the lack of any such documentation was also requested. If it was the position of our company that Mr. Wilkinson was mailed a health questionnaire in 2003, we were to provide any proof of notice as well as a copy of the said questionnaire.

Ms. Despard wrote to you on 4/7/04 advising that a copy of the Supplemental Life and Supplemental Dependent Life Certificate of Insurance issued by Hartford Life to Tyco International (US) had been mailed to you on 3/2/04. You were advised that it was the Policyholder's responsibility to administer the plan according to the terms of the Policy. Documentation from our medical underwriting department was enclosed to confirm that Mr. Wilkinson did not submit evidence of good health to Hartford Life.

You wrote to us on 4/15/04 appealing the denial decision. You advised that neither our company nor the plan administrator ever notified Mr. Wilkinson that his supplemental life policy was in jeopardy. You also advised that documentation did not exist reflecting such notice to Mr. Wilkinson. Mr. Wilkinson's payroll records indicated that the plan administrator, as an agent for Hartford Life, withdrew payments for the supplemental life policy. There was also a suggestion that a health questionnaire was sent to Mr. Wilkinson however there was no record of its mailing or record of lack of compliance. You advised that Mr. Wilkinson relied on the knowledge that his supplemental life policy with Hartford Life was in full force and effect and that said knowledge was confirmed with an entry on each and every pay stub.

The Schedule of Insurance between Tyco International (US), Inc. and Hartford Life and Accident Insurance Company states under the "When will Evidence of Good Health be required?" provision that "Evidence of good Health is required if:

1. You enroll for coverage more than 31 days after the date You are first eligible to do so for any amount of Life Insurance for Yourself or Your Spouse; or for an Amount of Life Insurance in excess of $15,000 for a Dependent Child; or
2. You elect no coverage when eligible to do so and later opt for coverage for any Amount of Life Insurance for Yourself or Your Spouse; or for an Amount of Life Insurance in excess of $15,000 for a Dependent Child.

Evidence of good Health must be provided at Your own expense."

"Evidence of Good Health is information about a person's health from which we can determine if coverage or increase in coverage will be effective. Information may include questionnaires, physical exams, or written documentation as required by Us.

Inquiries as to the status of Your submission of Evidence of Good Health should be addressed to your employer and/or Benefits Administrator. We, Your Employer and/or Benefit Administrator will notify You of approvals. We will notify You, in writing, of any disapprovals."

"We/Us/Our – The Hartford Life and Accident Insurance Company."

The 2002 Benefits Enrollment Form showed that Mr. Wilkinson waived Supplemental Life Insurance. The 2003 Benefits Enrollment Form dated 10/17/02 noted Supplemental Life Insurance 1xSalary was elected. It was confirmed on 1/19/04 that no Evidence of Good Health had been submitted to Hartford Life and Accident Insurance Company. Mr. Wilkinson was not covered for the Supplemental Group Life Insurance benefit therefore the benefit is not payable through Hartford Life and Accidence Insurance Company.

Please contact Tyco International (US), Inc. for reimbursement of any premiums paid for the Supplemental Life Insurance benefit.

You are entitled to receive, upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to this claim. You may bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").

Please be advised that our claim decision is now final as administrative remedies available under the terms of the policy have been exhausted.

Sincerely,

Edna Golych

Edna Golych, Appeal Specialist
Hartford Life and Accident Insurance Company