# Exhibit 9

16. Copies of the claims procedures of Hartford which contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions are applied consistently with respect to similarly situated claimants.

RESPONSE: Hartford objects to this request as not reasonably calculated to lead to the discovery of admissible evidence. Evidence outside the administrative record is generally inadmissible in ERISA cases because it is "at odds with the concerns about efficient administration that underlie the ERISA statute itself." Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 23 and 26 (1st Cir. 2003); Orndorf v. Paul Revere Life Insurance Company, 2005 WL 858328 *7 (1st Cir. April 15, 2005).

17. Copies of documents including but not limited to applications, enrollment forms, benefits confirmation reports (or similar documents), notifications of acceptance and/or rejection (or similar documents), pertaining to claims for death benefits where the decedent applied for Supplementary Life coverage, and did not provide a personal health statement, yet the beneficiary was ultimately provided supplementary death benefits consistent with the application enrollment form.

RESPONSE: Hartford objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Allowing discovery with respect to claimants other than the Plaintiff is "at odds with the concerns about efficient administration that underlie the ERISA statute itself." Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 26 (1st Cir. 2003)(upholding District Court's refusal to allow discovery with respect to how other claimants were treated).

18. Copies of all documents including but not limited to internal memoranda, correspondence, bulletins, e-mails, brochures, newsletters, policies, manuals, procedures, discussing or referencing actual or theoretical situations similar to that presented by the plaintiff in this case, where the decedent applied for supplementary life coverage, did not provide a personal health statement, and then passed away triggering a claim for benefits.

RESPONSE: Hartford objects to this request as overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Allowing discovery with respect to claimants other than the Plaintiff is "at odds with the concerns about efficient administration that underlie the ERISA statute itself." Liston v. Unum Corp. Officer Severance Plan, 330 F. 3d 19, 26 (1st Cir. 2003)(upholding District Court's refusal to allow discovery with respect to how other claimants were treated). Hartford also objects to this request to the extent that it seeks information obtained and/or prepared by Hartford in anticipation of litigation and is protected by the work product doctrine. In addition, Hartford objects to the extent this request seeks documents and/or statements prepared by Hartford at the direction of counsel and protected by the attorney-client privilege.

19. Copies of pleadings in cases where the above issue was the subject of litigation involving Hartford or, alternatively, the name of the parties, the identities of plaintiff's counsel, the identities of the courts where the actions were filed, the case numbers, the dates of filing, and the status of each case.

RESPONSE: Hartford objects to this request as overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant Hartford Life and Accident Insurance Company,

By its attorneys,

CREVIER & RYAN, LLP.

Katherine R. Parsons

Katherine R. Parsons (6810)
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
Tel: (413) 787-2400
Facsimile: (413) 781-8235

**CERTIFICATE OF SERVICE**

I certify that a true copy of the forgoing was sent via facsimile and first class mail postage prepaid on this 18th day of May 2005 to J. Scott Kilpatrick, Esq., Chisholm, Chisholm & Kilpatrick, LLP, One Turks Head Place, Suite 1313, Providence, RI 02903 and by first class mail to Ralph R. Liguori, Esq., Caprio & Caprio, One Center Place, Providence, Rhode Island 02903; James A. Ruggieri, Esq., Higgins, Cavanaugh & Cooney, LLP, 123 Dyer Street, Providence, RI 02903; Kathleen D. Leslie and Michael L. Bouyea, Esq., Whitney & Bogris, LLP, 401 Washington Ave, 12th Floor, Towson, MD 21204.

Katherine R. Parsons